UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CAMELBAK PRODUCTS, LLC                                                                    PLAINTIFF

v.                                             No. 5:21-cv-05109

ZAK DESIGNS, INC.                                                                       DEFENDANT

## OPINION AND ORDER

Before the Court is the parties' joint motion (Doc. 28) for a protective order and proposed protective order (Doc. 28-1). The motion represents that a protective order is necessary because the parties will likely produce "confidential, sensitive, and proprietary information." (Doc. 28, p. 1). For the reasons set forth below, the Court will GRANT the motion and enter the proposed protective order, with some amendment.

Federal Rule of Civil Procedure 26(c)(1)(G) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by "requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." "The burden is therefore upon the movant to show the necessity of its issuance, which contemplates 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Gen. Dynamics Corp. v. Selb Mfg. Co*., 481 F.2d 1204, 1212 (8th Cir. 1973) (citing Wright & Miller, *Federal Practice and Procedure: Civil* § 2035 at 264-65).

The parties have shown good cause for the entry of a protective order as to documents containing confidential and proprietary information. Confidential commercial information falls squarely within the ambit of Rule 26(c). "Where discovery of confidential commercial information is involved, the court must 'balance the risk of disclosure to competitors against the

1

risk that a protective order will impair prosecution or defense of the claims.'" *Bussing v. COR Clearing, LLC*, 2015 WL 4077993, at *2 (D. Neb. July 6, 2015) (quoting *Nutratech, Inc. v. Syntech (SSPF) Int'l, Inc.*, 242 F.R.D. 552, 555 (C.D. Cal. 2007)).  Here, entry of a protective order will neither impair prosecution nor the defense of the claims as the parties are in agreement as to the proposed protective order.  The Court finds that good cause has been shown for the entry of a protective order regarding documents containing confidential commercial information.

The parties' motion requests that the Court enter a protective order that requires the parties to file all deposition testimony containing confidential information under seal with the Court. However, read broadly, this provision would allow the entire testimony of a deposed party to be filed under seal, which the Court will not allow.  Accordingly, the modified protective order will direct that only the portions of testimony which are deemed confidential shall be redacted, and the redacted copy will be filed on the public docket while an unredacted copy will be filed under seal with the Clerk.  The proposed protective order will also be revised to clarify that the protective order controls the use of confidential information except during hearing or trial.  The protective order will state that a party that intends or that anticipates that another party may present information designated confidential at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the information, and that any party who wishes to restrict access to confidential information during trial must move the Court for that relief prior to trial.  Finally, the Court has modified some of the terms of the protective order to comply with this Court's standard practice or omit the parties' citation to subsections of the Federal Rules of Civil Procedure which are no longer present in the Rules.

IT IS THEREFORE ORDERED that the motion (Doc. 28) for entry of a protective order is GRANTED.  The Court will separately enter a revised protective order.

IT IS SO ORDERED this 15th day of September, 2021.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE