IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CAMELBAK PRODUCTS, LLC**                                                              **PLAINTIFF**

V.                              **CASE NO. 5:21-CV-05109**

**ZAK DESIGNS, INC.**                                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO TRANSFER

Currently before the Court are the Motion to Transfer to the Eastern District of Washington (Doc. 19) and Brief in Support (Doc. 20) submitted by Defendant Zak Designs, Inc. Plaintiff CamelBak Products, LLC filed a Response in Opposition (Doc. 33), and Zak filed a Reply (Doc. 37). Because Zak has failed to show the Eastern District of Washington is a clearly more convenient venue than the Western District of Arkansas, its Motion to Transfer is **DENIED.**

## I. BACKGROUND

Both CamelBak and Zak design and sell water bottles. CamelBak's Complaint (Doc. 2) alleges Zak has infringed on six of CamelBak's patents related to water bottles and water bottle lids. The alleged infringing activity stems from several water bottles that Zak sells direct-to-consumer and to third-party retailers in the United States.

This case was originally assigned to the Honorable P.K. Holmes, III. On July 15, 2021, Judge Holmes issued an initial scheduling order, which set a trial date of November 14, 2022. (Doc. 18). About a month later, Zak filed the Motion to Transfer. Judge Holmes granted CamelBak's unopposed motion to conduct limited discovery related to the Motion to Transfer. (Doc. 22). Judge Holmes also granted Zak's motion to stay all other discovery

1

pending resolution of the Motion to Transfer. (Doc. 26). On November 10, 2021, this case was reassigned upon Judge Holmes's recusal to the undersigned. (Doc. 38).

In the instant Motion, Zak asks the Court to transfer this case to the District Court for the Eastern District of Washington, Spokane Division. Zak argues the Eastern District of Washington is a more convenient venue for both parties and the alleged infringing conduct—the design, marketing, and sales decisions for the accused water bottles—occurred there. Zak is headquartered in Airway Heights, Washington, just outside Spokane. CamelBak is headquartered in Petaluma, California, north of San Francisco.

CamelBak maintains the Western District of Arkansas is the appropriate venue for this case because Zak has an office in Bentonville, Arkansas to facilitate the company's relationship with Bentonville-based Walmart. CamelBak argues Walmart is one of Zak's biggest customers and a significant portion of the alleged infringing sales are made in this District.

## II. LEGAL STANDARD

The transfer of venue statute, 28 U.S.C. § 1404(a), provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." The Eighth Circuit has declined to offer an exhaustive list of factors for courts consider in evaluating a motion to transfer. *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010). Rather, district courts have discretion under section 1404(a) "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Moreover, because "federal courts give considerable deference to a plaintiff's choice of forum . . . the party seeking a transfer

under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997).

Factors courts generally consider that bear upon the convenience of litigating in a particular venue include: 1) the convenience of the parties, 2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, 3) the accessibility to records and documents, 4) the location where the conduct complained of occurred, and 5) the applicability of each forum state's substantive law. *Id.* at 696.

In considering whether transfer is in the interest of justice, courts look to: 1) judicial economy, 2) the plaintiff's initial forum choice, 3) the comparative costs to both parties of litigating in the different forums, 4) enforceability issues for any resulting judgment, 5) obstacles to a fair trial, 6) conflict of law concerns, and 7) the advantage of having a local court determine questions of local law. *Id.*

## III. DISCUSSION

After weighing the relevant factors, the Court finds the Eastern District of Washington is not a "clearly more convenient" venue than the Western District of Arkansas. *In re Microsoft Corp.*, 630 F.3d 1361, 1362 (Fed. Cir. 2011). The convenience factors weigh against transfer because the Western District of Arkansas is more convenient for the potential nonparty witnesses. The interest-of-justice factors also weigh against transfer because CamelBak desires to litigate in this District and there are no sufficiently countervailing factors to outweigh CamelBak's desire.

As a threshold matter, the Court finds that the Eastern District of Washington, the requested transferee venue, is a district where this action could have originally been

brought. *See* 28 U.S.C. § 1404(a). Venue in a patent case is proper under 28 U.S.C. § 1400(b) where the defendant "resides" or "has committed acts of infringement and has a regular and established place of business." Zak is headquartered within the boundaries of the Eastern District of Washington, and the parties do not dispute that this suit could have been filed there.

## A. Convenience

The convenience factors weigh against transferring this case to the Eastern District of Washington. While the Eastern District of Washington would be more convenient for Zak and is the location of many relevant documents, the Western District of Arkansas is more convenient for the potential nonparty witnesses. The convenience of witnesses is the more important consideration and tips the convenience factors against transfer.

The Eastern District of Washington is a slightly more convenient venue for the parties. Neither party is headquartered in the Western District of Arkansas and both will be inconvenienced to some extent by litigating the case here. The Eastern District of Washington would be more convenient for Zak because its headquarters and executives are all located there. However, CamelBak also has no connection to the Eastern District of Washington—it will be inconvenienced whether it litigates this case in Arkansas or in Washington. And the Western District of Arkansas is not wholly inconvenient to Zak—it does maintain an office in this District and its executives frequently travel here from Washington. *See* Doc. 34-7. Nevertheless, this factor favors transfer because CamelBak is inconvenienced in both potential venues, but Zak would be less inconvenienced litigating in Washington.

The Western District of Arkansas is more convenient for the potential nonparty witnesses. The convenience of witnesses "is probably the single most important factor in [the] transfer analysis." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)). Witnesses forced to travel significant distances will "likely incur expenses for airfare, meals and lodging, and losses in productivity from time spent away from work." *In re Apple*, 602 F.3d at 913. The location of nonparty witnesses is given more weight in the analysis than party witnesses. *WhatRU Holding, LLC v. Bouncing Angels, Inc.*, 2014 WL 2986657, at *3 (D. Minn. July 1, 2014).

Three nonparty witnesses—Walmart and two former Zak employees who likely have material information—reside in the Western District of Arkansas. One nonparty inventor lives in Austin, Texas; at least three other inventors live in Northern California, near CamelBak's headquarters; Target, another Zak customer, is based in Minneapolis, Minnesota; and the company that manufactures Zak's water bottles is based in China. This China-based manufacturer may be an important witness because, according to Zak, that company "also designed some of the accused water bottles and presented the designs to Zak." (Doc. 20, p. 6). There are no nonparty witnesses in Washington. The Western District of Arkansas is a more convenient venue for the nonparty witnesses who

reside in this District and for the inventor in Austin. Neither venue is clearly more convenient for the nonparty witnesses in Northern California,[1] Minnesota, and China.[2]

While Zak argues the most important witnesses—its own executives—are in Washington, it does not contest the relevance of the nonparty witnesses identified by CamelBak. *See* Doc. 37, p. 4. Instead, Zak argues transfer will not inhibit access to these witnesses, and, in any event, videotaped depositions can be used at trial to remedy any loss of access. However, live testimony is preferred to videotaped depositions, and the Court must consider the extent to which potential witnesses will be subject to the subpoena power of the district court in both potential venues, *see In re Genentech*, 566 F.3d at 1345. The nonparty witnesses in Arkansas are currently subject to this Court's subpoena power but would not be subject to the subpoena power of the Eastern District of Washington. Conversely, neither party has identified any nonparty witnesses who *would* be subject to the subpoena power of the Eastern District of Washington. So, if this case were transferred, unfettered access to three witnesses would be lost with no commensurate gain.

Neither potential venue is more convenient for a majority of the party witnesses. Of the witnesses employed by Zak, four work in Airway Heights, Washington; three work in Bentonville, Arkansas; and one works in Massachusetts. The Court recognizes Zak's

---

[1] CamelBak points out that the travel time from the airport nearest the nonparty inventors and CamelBak's headquarters—in Santa Rosa, California—is nearly the same to both Northwest Arkansas and Spokane, Washington. (Doc. 34, p. 15).

[2] The Eighth Circuit has explained that for "nonparty witnesses located in foreign countries, . . . the two [competing] venues are roughly equivalent, for we recognize that persons coming from abroad 'will be required to travel a significant distance no matter where they testify.'" *In re Apple*, 602 F.3d at 914 (quoting *In re Genentech*, 566 F.3d at 1344).

four Washington employees are high-ranking executives who will likely be important witnesses. But the Court also recognizes that two of those same executives often travel to Zak's Bentonville office. *See* Doc. 34-7. Zak's Bentonville employees also appear to have material information and include Zak's Director of Product Development, Director of Sales and Business Development – Walmart, and Customer Supply Chain Analyst. (Doc. 34-6). In addition, Arkansas appears to be a slightly more convenient venue for Zak's Massachusetts-based Vice President of Design and Development, a likely critical witness. *See* Doc. 34, p. 13. In total, then, four of Zak's eight party witnesses are either in or closer to the Western District of Arkansas and two often travel to the Western District of Arkansas. As for Zak's travel costs, they would not "be significantly minimized or avoided by transfer" because, while transfer would save Zak's Washington employees from traveling, many of those costs would be shifted to paying for its Bentonville employees to travel to Washington. *In re Apple*, 602 F.3d at 914. CamelBak's party witnesses largely reside in Northern California, and none reside in Arkansas or Washington.

   The location of documents crucial to resolution of this case weighs slightly in favor of transfer. The bulk of Zak's records are at its headquarters in Washington, and "while electronic storage of documents makes them more widely accessible than was true in the past, that does not make the sources-of-proof factor irrelevant." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021) (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008)). However, Zak's Bentonville office also likely has relevant documents, particularly documents related to Zak's relationship with Walmart and the design of water bottles to meet Walmart's requests. *See* Doc. 34-7, p. 11. Also, the accused water bottles are readily available in Arkansas. *See* Doc. 34, p. 20.

7

Neither potential venue is more convenient with respect to where the alleged harmful conduct occurred. The harmful conduct, as explained in CamelBak's Complaint, is Zak's alleged infringement of CamelBak's patents through "the manufacture, use, sale, offer for sale, and/or importation into the United States" of the accused water bottles. (Doc. 2, p. 9). As such, the alleged harmful conduct occurred in both potential venues. Zak's water bottles are largely developed in Airway Heights, Washington, *see* Doc. 19-1, ¶ 8, with some design input from meetings with Walmart in Bentonville, *see* Doc. 34-7. Some of the design work also presumably occurs in Massachusetts, where Zak's Vice President of Design and Development is based. *See* Doc. 19-1, ¶¶ 8–9. The water bottles are then manufactured in China. *Id.* at ¶ 12. They are imported into the United States in Seattle, located in the Western District of Washington, and transported to Zak's warehouse in Airway Heights, in the Eastern District of Washington. *See id.* at ¶¶ 12–13. The water bottles are then offered for sale and shipped to retailers and consumers all over the country. There is no dispute that Walmart accounts for a substantial portion of Zak's total sales and that Walmart's purchases are facilitated by Zak's office in Bentonville, Arkansas.

In sum, the Court finds the convenience of nonparty witnesses favors keeping this case in the Western District of Arkansas. The convenience of the parties and location of documents slightly favor transfer to the Eastern District of Washington, but the convenience of nonparty witnesses is the more important factor. Other considerations—the convenience of party witnesses and where the harmful conduct occurred—are largely neutral. This is a close call, but overall, the convenience factors weigh against transfer.

## B. Interest of Justice

The interest-of-justice factors also weigh against transfer. While it will likely be more expensive for Zak to litigate in Arkansas, judicial economy considerations are neutral, and the Court gives substantial weight to CamelBak's chosen forum.

CamelBak's desire to litigate this case in the Western District of Arkansas weighs against transfer. Federal courts afford considerable deference to a plaintiff's initial choice of forum. *Terra Int'l*, 119 F.3d at 695. Zak urges the Court to discount CamelBak's chosen forum "because CamelBak does not reside in the Western District of Arkansas" and "a significant part of the underlying facts occurred in the Eastern District of Washington." (Doc. 37, p. 7). Zak is correct that courts have found that when the plaintiff is headquartered elsewhere and the conduct central to the complaint occurred outside of the chosen forum, the plaintiff's initial choice is entitled to less weight. *See Harrell v. Robinson*, 2014 WL 1977134, at *2 (W.D. Ark. May 15, 2014). But as explained above, the alleged harmful conduct occurred both inside and outside the Western District of Arkansas. There is also no indication here that CamelBak "chose the forum to take advantage of favorable law or to harass the defendant." *In re Apple*, 602 F.3d at 913. Therefore, there is no reason to accord less weight to CamelBak's forum choice than the transfer analysis ordinarily demands.

The relative cost for the parties to litigate in the potential venues weighs slightly in favor of transfer. Both potential venues will be similarly costly for CamelBak to litigate in. And while there may be some additional cost for Zak to litigate in Arkansas, this is quite different from a case where an out-of-state company is dragged into an unfamiliar forum. Zak has an office in this District, and its executives travel here multiple times per year.

Zak has computers in this District connected to the company's file storage applications, and high-ranking employees work here and could assist with litigation-related matters that require a physical presence in Arkansas. *See* Doc. 34, pp. 18, 20.

Judicial economy concerns are largely neutral here. Courts in the Western District of Arkansas have found that "the administration of justice is served more efficiently when the action is litigated in the forum that more clearly encompasses the locus of operative facts." *Beijing Zhongyi Zhongbiao Elec. Info. Tech. v. Microsoft Corp.*, 2013 WL 3808009, at *5 (W.D. Ark. July 22, 2013). As noted above, much of the design of the accused water bottles took place in Washington, some design input occurred in Arkansas, and the alleged infringing sales took place in both forums. This distinguishes this case from patent cases where the only connection a case has to the plaintiff's chosen forum is infringing sales made in that district. *See In re Samsung Elecs. Co., Ltd.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021) (ordering transfer of venue where "[t]he relevant events leading to the infringement claims here took place largely in Northern California, and *not at all* in the Western District of Texas") (emphasis added). Zak's connection to the Western District of Arkansas is much more substantial. Therefore, neither potential venue *clearly* encompasses the locus of operative facts.

CamelBak argues the time-to-trial will be significantly less here than in the Eastern District of Washington. Assuming that is true, the Court "do[es] not regard the relative speed with which this case might be brought to trial in the two districts to be of particular significance." *In re Juniper Networks, Inc.*, 14 F.4th at 1322. The Federal Circuit has cautioned that "the court congestion factor [is] the 'most speculative' of the factors bearing

of the transfer decision" and should be given little weight. *Id.* (quoting *In re Genentech*, 566 F.3d at 1347).

Like the convenience factors, the interest-of-justice factors do not overwhelmingly point in either direction. But CamelBak's forum choice deserves deference, and Zak has not shown that litigating in this District is sufficiently unfair to overcome that deference.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Zak's Motion to Transfer (Doc. 19) is **DENIED**. The parties are **ORDERED** to resume discovery in full. A Case Management Order with revised task deadlines and a new trial date will be entered separately.

**IT IS SO ORDERED** on this 7th day of March, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE