IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CAMELBAK PRODUCTS, LLC**                                                                    **PLAINTIFF**

**V.**                                **CASE NO. 5:21-CV-05109**

**ZAK DESIGNS, INC.**                                                                          **DEFENDANT**

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION TO STAY

Currently before the Court are the Motion to Stay Pending Patent Challenges in the U.S. Patent and Trademark Office (Doc. 41) and Brief in Support (Doc. 42) submitted by Defendant Zak Designs, Inc. Plaintiff CamelBak Products, LLC filed a Response in Opposition (Doc. 43), Zak filed a Reply (Doc. 46), and Camelbak filed a Sur-Reply (Doc. 49). Because a stay would unduly prejudice Camelbak and may only partially simplify this case, Zak's Motion to Stay (Doc. 41) is **DENIED**.

### I.  BACKGROUND

Both CamelBak and Zak design and sell water bottles. CamelBak's Complaint (Doc. 2) alleges Zak has infringed on six of CamelBak's patents related to water bottles and water bottle lids. The alleged infringing activity stems from several water bottles that Zak sells direct-to-consumer and to third-party retailers in the United States. The patents at issue include United States Patent No. 9,463,911 (the "'911 Patent"), United States Patent No. 9,782,028 (the "'028 Patent"), United States Patent No. 9,820,595 (the "'595 Patent"), United States Patent No. 10,165,879 (the "'879 Patent"), United States Patent No. 10,542,833 (the "'833 Patent"), and United States Patent No. 10,676,255 (the "'255 Patent") (collectively, the "Patents-in-Suit").

This case was originally assigned to the Honorable P.K. Holmes, III. On July 15, 2021, Judge Holmes issued an initial scheduling order, which set a trial date of November 14, 2022. (Doc. 18). About a month later, Zak moved to transfer this case to the Eastern District of Washington. (Doc. 19). Judge Holmes granted CamelBak's unopposed motion to conduct limited discovery related to the Motion to Transfer. (Doc. 22). Judge Holmes also granted Zak's motion to stay all other discovery pending resolution of the Motion to Transfer. (Doc. 26). On November 10, 2021, this case was reassigned upon Judge Holmes's recusal to the undersigned. (Doc. 38).

On March 7, 2022, the Court denied the Motion to Transfer and ordered the parties to resume discovery in full. (Doc. 40). The Court has not yet issued a final scheduling order and no trial date is currently set.

Zak now seeks review of two of the Patents-in-Suit with the United States Patent and Trademark Office (PTO). On April 19, 2022, Zak filed for *Inter Partes* Review (IPR) with the PTO, challenging the validity of claims 1–2, 5–10, 14, 16, and 21 of the '028 Patent. Camelbak has until July 27, 2022 to file a preliminary response in opposition to IPR being granted. 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). Within three months of that deadline for Camelbak's response, the PTO must decide whether to grant Zak's IPR request and will do so if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). If the PTO grants review, a final determination must be issued "not later than 1 year" after the petition is granted, but the PTO may extend that time by six months for good cause. 35 U.S.C. § 316(a)(11). The patent owner has an opportunity to add or amend claims during IPR. 35 U.S.C. § 318(b). After review concludes, the party who requested IPR is

estopped from asserting that a claim is invalid "on any ground that the petitioner raised or reasonably could have raised during [IPR]." 35 U.S.C. § 315(e)(2). "A party dissatisfied with the [PTO's] decision can seek judicial review in the Court of Appeals for the Federal Circuit." *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1372 (2018).

On April 22, 2022, Zak also filed a Request for Reexamination with the PTO, asking the PTO to reexamine and find unpatentable claims 14–17 and 21–22 of the '911 Patent. Under 35 U.S.C. § 302, "[a]ny person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art." In its Request, Zak argues the '911 Patent is invalid based on earlier published patent applications and issued patents. The PTO now has until July 22, 2022, to "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 303(a). If the PTO determines there is a substantial new question of patentability, the PTO will order reexamination of the patent and allow CamelBak at least two months to "file a statement on such question, including any amendment to his patent and new claim or claims he may wish to propose, for consideration in the reexamination." 35 U.S.C. § 304. After allowing Zak to reply to any such filing by CamelBak, the PTO will be required to conduct the reexamination "with special dispatch." 35 U.S.C. § 305.

Zak filed the instant Motion to Stay on April 28, 2022. Zak seeks a stay of the case until the conclusion of the IPR and reexamination proceedings.

## II. LEGAL STANDARD

"[A] motion to stay an action pending the resolution of a related matter in the PTO is directed to the sound discretion of the district court." *In re SDI Techs., Inc.*, 456 F. App'x 909, 911 (Fed. Cir. 2012). In deciding whether a stay is warranted, district courts consider the totality of the circumstances but focus their inquiry on three factors: "(1) the stage of the court proceedings; (2) whether a stay of litigation will simplify the issues in question and facilitate the trial of the case; and (3) whether a stay would unduly prejudice the non-moving party or would present a clear tactical disadvantage for that party." *Guntert & Zimmerman Constr. Division, Inc. v. Gomaco Corp.*, 2021 WL 7185089, at *2 (N.D. Iowa Jan. 13, 2021) (internal quotation marks omitted). "The party seeking to stay the litigation bears the burden of showing that the stay is the appropriate course of action." *Oxygenator Water Techs., Inc. v. Tennant Co.*, 2021 WL 4622241, at *2 (D. Minn. Oct. 7, 2021).

## III. DISCUSSION

After weighing the relevant factors, the Court finds a stay pending resolution of the PTO proceedings is not warranted. While the case is in its early stages, the PTO proceedings will only address a minority of the issues in this case and CamelBak would face undue prejudice from a lengthy delay.

The Court has yet to set deadlines for claim construction or discovery and there is no trial date currently set.[1] This early posture favors granting a stay. *See ZeaVision, LLC v. Bausch & Lomb Inc.*, 2022 WL 715013, at *2 (E.D. Mo. Mar. 10, 2022).

---

[1] While this case has been pending for nearly a year, it remains in its infancy, in part due to Zak moving to transfer venue.

4

As for whether a stay would simplify this case, the PTO's proceedings may eliminate none of the infringement claims in this case and, at best, may eliminate a minority of the claims. The simplification factor therefore weighs against a stay.

Zak has challenged the validity of two of the six Patents-in-Suit. Zak argues this case will be simplified by the PTO proceedings because those two patents "could be invalidated, affirmed, or amended during the IPR and reexamination proceedings," resulting either in fewer issues for this Court to decide or in Zak being estopped from raising claims of invalidity already denied by the PTO. (Doc. 42, pp. 6–7). CamelBak responds that it is speculative that the PTO will initiate IPR or reexamination proceedings, and, even if it does, "there is not a complete overlap between the District Court litigation and Patent Office proceedings." (Doc. 43, p. 15).

District courts are split on whether it is premature to stay a case prior to the PTO deciding whether to institute review proceedings. *See Guntert*, 2021 WL 7185089, at *3 (collecting cases). The Court agrees with the district court in *Guntert* that while "the potential the [PTO] declines to institute IPR should not act as a per se bar to a stay," it should be considered when evaluating whether a stay would simplify the case. *Id.* Here, the PTO has not decided whether either of Zak's challenges have sufficient merit to proceed, making any potential simplification of this case more speculative.

More important to the simplification analysis is that the PTO proceedings have the potential to resolve only a minority of the issues in this case. This case could be stayed for years with the result being all or nearly all the Patents-in-Suit remaining valid. And as CamelBak points out, even if Zak succeeded on both PTO petitions, it would not "eliminate any of the accused water bottles from the case because each of the accused products

(Riverside I & II, Park I & II, and Genesis) is accused of infringing at least one claim of the unchallenged '595, '879, '833, or '255 Patents." (Doc. 49, p. 4). While the Court recognizes the PTO's expertise could be helpful in this case, the fact that Zak is not challenging all the Patents-in-Suit significantly lessens that helpfulness. The Court therefore finds the simplification factor, while mixed, weighs against a stay. *See G.W. Lisk Co., Inc. v. Power Packer N. Am., Inc.*, 2022 WL 766470, at *4 (S.D. Iowa Mar. 14, 2022) (explaining that when the PTO proceedings could "invalidate some of the claims . . . , but not all of them . . . , a stay is generally unwarranted"); *Snyders Heart Valve LLC v. St. Jude Med. S.C. Inc.*, 2021 WL 1063005, at *5 (D. Minn. Mar. 19, 2021) ("[B]ecause the outcome of three claims on remand is such a small portion of the overall case and the case has been languishing for so long, the Court finds that the simplification factor weighs against a stay.").

The undue prejudice factor also weighs against a stay. "In weighing this factor, courts consider whether the parties are direct competitors, whether the non-moving party seeks solely monetary damages or instead seeks injunctive relief, and whether the moving party possessed a 'dilatory motive' or is otherwise attempting to gain an unfair tactical advantage." *Masa LLC v. Apple Inc.*, 2016 WL 2622395, at *3 (E.D. Mo. May 9, 2016) (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)).[2]

---

[2] CamelBak points the Court to four subfactors used by some district courts in weighing the undue prejudice factor: (1) the timing of the review request; (2) the timing of the request for stay; (3) the status of the review proceedings; and (4) the competitive relationship of the parties. *See Masimo Corp. v. Sotera Wireless*, 2021 WL 321481, at *4 (S.D. Cal. Feb. 1, 2021). While not identical, these four subfactors cover much of the same ground as the three subfactors used in *Masa* and on which the Court relies.

CamelBak and Zak are direct competitors in the marketplace, where Zak's accused water bottles compete with CamelBak's water bottles. If this case were stayed for a lengthy period of time, CamelBak could lose considerable ground in the marketplace as a result of the allegedly infringing products. *See Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, 2019 WL 3826051, at *3 (E.D. Tex. Aug. 14, 2019) ("Peloton's product practicing the patent-in-suit competes with Flywheel's accused product in the marketplace, so a stay would result in heightened prejudice for Peloton as compared to other cases."); *Provisur Techs., Inc. v. Weber, Inc.*, 2020 WL 7346698, at *3 (W.D. Mo. Oct. 21, 2020) ("Taking Provisur's assertions as true, its potential loss of goodwill, market share, and future revenue is both significant and difficult to quantify."). CamelBak "thus has a present and actual need for the expeditious resolution of this action." *Provisur Techs.*, 2020 WL 7346698, at *3.

CamelBak seeks both damages and "an injunction enjoining Defendant from infringing, actively inducing infringement, and contributorily infringing the Patents-in-Suit." (Doc. 2, p. 22). While "[c]ompetitors often seek injunctions in patent infringement lawsuits," CamelBak's request for a permanent injunction nevertheless suggests it may suffer harm from a lengthy stay that would not be remedied by a damages award. *Emed Techs. Corp. v. Repro-med Sys., Inc.*, 2016 WL 2758112, at *2 (E.D. Tex. May 12, 2016); *see also Masa*, 2016 WL 2622395, at *3.

Zak argues CamelBak cannot claim undue prejudice from a delay in adjudication of this case because CamelBak "waited years after it believed that Zak was infringing its patents before filing this lawsuit" and "did not seek a preliminary injunction in this case." (Doc. 42, pp. 8–9). In the years prior to bringing this lawsuit, CamelBak was attempting

7

to amicably resolve this dispute with Zak. *See* Doc. 43-1, ¶ 2. The Court will not fault CamelBak for pursing alternatives to litigation. It may still suffer prejudice from a delay now that litigation has become necessary. Zak itself waited months into this litigation—after the Court had denied Zak's Motion to Transfer—to file its requests with the PTO and move for a stay. Nevertheless, the Court has no evidence of any dilatory motive by Zak in seeking a stay.

CamelBak's decision to not seek preliminary relief is given little weight by the Court. *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1034 (C.D. Cal. 2013) ("The fact that Plaintiff did not seek a preliminary injunction does not mean that it would not suffer prejudicial harm from its competitor's market activity during a lengthy delay in the case."). Given the direct competitive relationship between the parties, the permanent injunctive relief sought by CamelBak, and the potential for the PTO proceedings and appeals thereof to take years, the undue prejudice factor weighs against a stay.

The Court also has concern for the efficient management of its docket. *See Universal Elecs.*, 943 F. Supp. at 1035 (finding "the Court's ability to control its docket to ensure that cases are managed in the interest of justice" weighed against a stay). The Court has an obligation under Federal Rule of Civil Procedure 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding." This case has already been delayed and could languish for years if a stay were granted. Given this loss in efficiency, the marginal simplification attainable by waiting for the PTO's decisions, and the undue prejudice to CamelBak, the Court finds a stay is not warranted in this case.

8

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Zak's Motion to Stay (Doc. 41) is **DENIED**. A Case Management Order will be issued contemporaneous with this Order.

**IT IS SO ORDERED** on this 29th day of June, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE