# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

| | |
|---|---|
| CAMELBAK PRODUCTS, LLC, | Case No.: 5:21-cv-05109-TLB |
| Plaintiff, | |
| vs. | |
| ZAK DESIGNS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

**CAMELBAK PRODUCTS, LLC'S SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF
RE: THE "BIAS" TERMS**

Pursuant to the Court's December 7, 2022 email, CamelBak respectfully requests that the Court construe the "bias" terms according to their plain and ordinary meaning of "tends to return … absent an external force." Dkt. 63-2 (JCCS) at 1.

I. **CamelBak's Proposed Construction is Correct and Can Be Adapted to the Various Uses of the "bias" Terms ('028, '595, '879 and '833 Patents).[1]**

| CAMELBAK'S PROPOSED CONSTRUCTION | ZAK'S PROPOSED CONSTRUCTION |
|---|---|
| tends to return … absent an external force | is pushed, or force is exerted on, in a particular direction / pushes or exerts force in a particular direction |

The '028, '595, '879, and '833 Patents disclose and claim three different biases:

1. the bias of the mouthpiece assembly to the dispensing configuration, which can be internal or external (*see, e.g.*, Dkt. 64-3 ('028 Patent) at claim 1; col. 5:52-6:19; 11:9-14);

2. the bias of the bite-actuated valve to the closed configuration, which is only internal (*see, e.g.*, Dkt. 64-3 ('028 Patent) at claim 7; col. 8:57-62); and

3. the bias of the sliding member away from the catch structure disengagement position, which is only external (*see, e.g.*, Dkt. 64-4 ('595 Patent) at claim 14; Dkt. 64-6 ('833 Patent) at claim 1; Dkt. 64-3 ('028 Patent) at col. 13:1-14).

CamelBak's proposed construction for "bias"—"tends to return … absent an external force"—covers all of these biases, and is consistent with the plain and ordinary meaning of "bias" as well as its use in the patents. In contrast, Zak's proposed construction covers only the external biases and improperly and incorrectly restricts a "bias" to only pushing or being pushed. CamelBak's construction should be adopted and Zak's construction rejected.[2]

The first bias—of the mouthpiece assembly to the dispensing configuration—is addressed

---

[1] The asserted claims of these patents are: 1-3, 5-6, 8-10, 13, 16, 21 ('028 Patent); 14, 16, 18-19, 21-26, 28-29, 31-35 ('595 Patent); 1, 3, 5-8, 10-13, 15-19 ('879 Patent); and 1-4, 7-9, 11 ('833 Patent). "Because [the] patents all derive from the same parent application and share many common terms, we must interpret the claims consistently across all asserted patents." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1292 (Fed. Cir. 2005); *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed. Cir. 2001).

[2] CamelBak's construction is also consistent with how the "bias" terms would be understood by a POSITA as explained by Mr. Goldman, CamelBak's expert. Dkt. 64-7 (Goldman Decl.) at ¶¶28-30. Although Zak conceded at the hearing that the term "bias" would be well understood by a POSITA, Zak offered no expert testimony on what that understanding would be. Dkt. 64-8 (Hamilton Decl.) (addressing indefiniteness).

in, for example, claim 1 of the '028 Patent:

> a mouthpiece assembly … selectively configured between a dispensing configuration … and a stowed configuration … wherein <u>the mouthpiece assembly is biased to the dispensing configuration</u> …and … <u>move[s] via its bias</u> from the stowed configuration to the dispensing configuration

Dkt. 64-3 ('028 Patent) at claim 1.  CamelBak's construction for this first bias ("tends to return … absent external force") is consistent with the claim language—the mouthpiece assembly has a tendency to return to the dispensing configuration from the stowed configuration, in the absence of the restraining force released by the user release mechanism.

CamelBak's construction also is consistent with the specification, which explains that "the mouthpiece assembly may be biased to its dispensing configuration, such as by including a suitable biasing mechanism or structure" and that "[i]n such an embodiment, the mouthpiece assembly may be configured to move automatically via, or under, its bias to the dispensing configuration upon release from its stowed configuration."  Dkt. 64-3 ('028 Patent) at col. 5:66-6:19.  CamelBak's construction also encompasses both the "internal bias created by the material from which the [biased structure] is made" <u>and</u> the "additional[] or alternative[]" external bias that "may include at least one spring" that pushes the mouthpiece assembly from the stowed to the dispensing configuration. *Id*. at col. 5:52-65.

The second bias—of the bite-actuated mouthpiece to the closed configuration, is addressed in, for example, claim 8 of the '028 Patent (which depends upon both claim 7 and claim 1):

> the bite-actuated mouthpiece is selectively configured between an open configuration ... and a closed configuration … wherein the bite-actuated mouthpiece <u>is biased to the closed configuration</u> …

Dkt. 64-3 ('028 Patent) at claims 1, 7, 8.  Here again, CamelBak's construction explains that the mouthpiece portion has a tendency to return to the closed configuration from the open configuration. The specification explains that "[b]ite-actuated valves (and/or bite-actuated mouthpieces) are typically biased to a closed configuration, and thus automatically return from an open configuration

to a closed configuration upon release of the compressive forces being applied thereto by a user, such as by a user's teeth and/or mouth." Dkt. 64-3 ('028 Patent) at col. 8:57-62. CamelBak's construction in the context of the claim conveys exactly that: "tends to return to the closed configuration absent external force"—here, the biting force.

And the third bias—of the sliding member away from the catch structure disengagement position—is addressed in, for example, claim 1 of the '833 Patent and claim 14 of the '595 Patent:

> … wherein the <u>sliding member is biased away</u> from <u>a position in which the sliding member releases the mouthpiece assembly</u> to move from the stowed configuration to the dispensing configuration …

Dkt. 64-6 ('833 Patent) at claim 1.

> … wherein the user release mechanism <u>is biased to urge the sliding member away</u> from <u>a position where the sliding member disengages</u> the first and second catch structure

Dkt. 64-4 ('595 Patent) at claim 14. Here, too, the sliding member tends to return to the engaged configuration in the absence of the user-supplied external force to disengage the catch structures.

CamelBak's proposed construction also is supported by the extrinsic evidence. As explained by Mr. Goldman, a drink container engineer employed by Coca-Cola for 28 years, a bias is the tendency of a structure to return to its default state, which "may be provided by the material from which the [biased structure] is constructed" <u>or</u> by an external force such as a spring. Dkt. 64-7 (Goldman Decl.) at ¶¶28-30. CamelBak's proposed construction encompass both these bias types and can be substituted directly in place of all of the "is biased," "biases," "is biased away" and "is biased to urge" terms as shown in Appendix A. CamelBak's construction is correct.

## II. Zak's Proposed Construction Contradicts the Specification and Adds Confusion.

Zak's construction should be rejected for at least three reasons. *First*, it excludes two preferred embodiments—the internal bias of the mouthpiece assembly to the dispensing configuration and the internal bias of the bite-valve to the closed configuration. Both are "internal" biases caused by "the resiliently deformable material" such as silicone "from which at least a portion

of the mouthpiece assembly is constructed," rather than an external push or force from, for example, a spring. Dkt. 64-3 ('028 Patent) at col. 5:52-65; 10:27-69. A construction that excludes a preferred embodiment, such as Zak's, is "rarely, if ever, correct."[3]

*Second*, the introduction of the phrase "particular direction" introduces a limitation not found in the claims or specification; the words "particular" and "direction" appear in the specification, twice and once, respectively, but not to describe any bias. *See* Dkt. 64-3 ('028 Patent). By adding the new phrase "particular direction," into the meaning of the claims, Zak's proposed construction only multiplies the number of potential disputes[4]—for example, what makes a "direction" a "particular direction" and what "particular direction" is required to meet the claim?

And *third*, substituting Zak's proposed constructions into the claim language, as shown in Appendix A, would result in redundant nonsense that could not easily be applied by a jury.[5] *See, e.g.*, Appendix A at '028 Patent at claim 5 ("the crimping region at least partially ~~biases~~ pushes or exerts force in a particular direction the mouthpiece assembly to the dispensing configuration"). Zak's proposed constructions should be rejected.

### III. CONCLUSION

For the reasons above and as described in more detail in Appendix A, CamelBak respectfully requests that the Court construe "is biased," "biases," "is biased away" and "is biased to urge" as "tends to return … absent external force".

---

[3] *See, e.g., On-Line Techs., Inc. v. Bodenseewerk Perkin-Elmer GmbH*, 386 F.3d 1133, 1138 (Fed. Cir. 2004); Dkt. 64-7 (Goldman Decl.) at ¶30.

[4] Disputes regarding meaning can "proceed ad infinitum, as every word—whether a claim term itself, or the words a court uses to construe a claim term—is susceptible to further definition, elucidation, and explanation." *Eon Corp.*, 815 F.3d 1314, 1318 (Fed. Cir. 2016).

[5] *See, e.g., Schoenhaus v. Genesco, Inc.*, 440 F.3d 1354, 1357 (Fed. Cir. 2006) (rejecting a proposed construction that, when substituted into the claim, "renders [the claim] nonsensical" and adopting, as "logical," a competing construction that could successfully be substituted into the claim); *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1327 (Fed. Cir. 2016) (rejecting a proposed construction that "would be redundant" of language "already properly part of the district court's construction.").

DATE: December 9, 2022

/s/ David T. Pollock
David T. Pollock
Darby V. Doan
Arkansas Bar No. 96064
Joshua R. Thane
Arkansas Bar No. 2008075
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, Texas 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: ddoan@haltomdoan.com
Email: jthane@haltomdoan.com

David T. Pollock
Jonathan I. Detrixhe
Christopher J. Pulido
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269
Email: dpollock@reedsmith.com
Email: jdetrixhe@reedsmith.com
Email: cpulido@reedsmith.com

Anna M. Targowska
REED SMITH LLP
10 South Wacker Drive, 40th Floor
Chicago, IL  60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
Email: atargowska@reedsmith.com

**COUNSEL FOR PLAINTIFF
CAMELBAK PRODUCTS, LLC**

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served counsel for all parties to this action with a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record.

/s/ David T. Pollock